**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Palmer, Appellant,

v.

Shamekia McCray, Respondent.

Appellate Case No. 2016-002449

Appeal From Williamsburg County
Gordon B. Jenkinson, Family Court Judge

Unpublished Opinion No. 2018-UP-408
Submitted September 1, 2018 – Filed November 7, 2018

**REVERSED AND REMANDED**

James Palmer, of Hemingway, pro se.

Shamekia McCray, of Hemingway, pro se.

**PER CURIAM:** James Palmer, pro se, appeals the family court's final order modifying his monthly child support obligation. On appeal, Palmer argues the family court erred in (1) calculating his monthly child support obligation and (2) calculating the amount he owed in arrearages. We reverse and remand.

As to Palmer's monthly child support obligation, the family court found Palmer earned a gross monthly income of $1,733, and Shamekia McCray, the children's

mother, earned a gross monthly income of $1,800.  The family court then found Palmer and McCray should have contributed $599 per month in support of the child remaining in McCray's custody.  In its written order, the family court reduced Palmer's support obligation from $170 weekly to $160.89 bi-weekly.  However, regulation section 114-4720(A)(14)(A) requires the total monthly support obligation to be divided between the parents based on their proportional share of their combined gross monthly income.  S.C. Code Ann. Regs. § 114-4720(A)(14)(A) (Supp. 2017).  Palmer's proportional share of the combined gross monthly income was 49%.[1]  Given the family court's finding that both parents should jointly contribute a monthly total of $599, Palmer's monthly obligation should be $293.51.[2]  Because Palmer paid his share of the child support bi-weekly, this monthly amount would correlate to a bi-weekly payment of $135.46.[3]  The family court's calculated support obligation does not comport with the regulations to the Child Support Guidelines (the Guidelines), and the family court erred by failing to make specific findings justifying its variance from the Guidelines.  *See* S.C. Code Ann. § 63-17-470(A) (2010) ("In any proceeding for the award of child support, there is a rebuttable presumption that the amount of the award which would result from the application of the [G]uidelines required under [s]ection 43-5-580(b) is the correct amount of child support to be awarded.  A different amount may be awarded upon a showing that application of the [G]uidelines in a particular case would be unjust or inappropriate.  When the court orders a child support award that varies significantly from the amount resulting from the application of the [G]uidelines, the court shall make specific, written findings of those facts upon which it bases its conclusion supporting that award. Findings that rebut the [G]uidelines must state the amount of support that would have been required under the [G]uidelines and include a justification of why the order varies from the [G]uidelines.").  Thus, we remand this matter to the family court to make findings as to Palmer's bi-weekly support obligation consistent with the foregoing.

Because the family court's calculation of Palmer's bi-weekly child support obligation affected the family court's calculation of the amount Palmer owed in arrearages, we also instruct the family court to recalculate the arrearage on remand.[4]

---

[1] $1,800 + $1,733 = $3,533; $1,733 ÷ $3,533 = .49 or 49%

[2] $599 * .49 = $293.51

[3] ($293.51/month) * (12 months/year) ÷ (26 bi-weeks/year) = $135.46

[4] To the extent Palmer argues the arrearage should have been calculated retroactive to the filing of his April 22, 2016 complaint for a reduction in child support due to

We reverse the family court's order and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**[5]

**LOCKEMY, C.J., and HUFF and GEATHERS, JJ., concur.**

---

job loss, we note the April complaint was filed under a different case number than the order on appeal. Further, to the extent Palmer argues the family court should have reduced his monthly support obligation to $100 during the period of his unemployment between April and November 2016, regulation section 114-4710(A)(2) provides that in cases where the parents' combined gross monthly income is less than $750, the family court may reduce child support on a case-by-case determination to no less than $100 per month. *See* S.C. Code Ann. Regs. 114-4710(A)(2) (2012 & Supp. 2017). Because Palmer and McCray earned a combined gross monthly income of greater than $750 for the applicable period, we find Palmer's argument is without merit.

[5] We decide this case without oral argument pursuant to Rule 215, SCACR.